IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DARRELL FLOURNOY,[1]          )
                              )
        Plaintiff,            )
                              )
     v.                       )   Civil Case No. 1:20-mc-00007-RDA-IDD
                              )
DEFENSE FINANCE ACCOUNTING SERVICE, )
*et al.*,                     )
                              )
        Defendants.           )

**ORDER**

This matter comes before the Court on United States of America's ("United States") Motion to Dismiss (Dkt. Nos. 2) pursuant to Federal Rule of Civil Procedure 12(b)(1). Considering Defendant United States' Motion to Dismiss ("Motion to Dismiss") (Dkt. 2), and the United States' Memorandum in Support (Dkt. 3), it is hereby ORDERED that the United States' Motion to Dismiss is GRANTED.

I.      BACKGROUND

Plaintiff Darrell Flournoy ("Plaintiff") obtained a judgment against Defendant Kenesha Hargrave ("Defendant Hargrave") in the amount of $1,750.[2]  Dkt. 1, ¶ 1.  To collect on that judgment, Plaintiff began a garnishment action against Defendant Defense Finance and

---

[1] In this Court's Case Management/Electronic Case Files system, Plaintiff's name is presented as Darrell "Fournoy."  On all pleading captions, and on documents signed by Plaintiff, Plaintiff's name is presented as Darrell "Flournoy."  The Clerk of Court is directed to amend Plaintiff's name in the caption of this case to "Darrell Flournoy."

[2] The record provides no detail about this original proceeding.  However, the Virginia General District Court's Online Case Information System appears to reveal that the Stafford County General District Court issued this judgment under Case Number GV19000056-00.

Accounting Service ("Defendant DFAS") in the General District Court for Stafford County.[3]  *Id.*  Defendant DFAS is an agency of the United States government, which amongst other responsibilities, "oversees payments to Department of Defense servicemembers, employees, vendors[,] and contractors."  *Defense Finance and Accounting Service*, USA.gov, https://www.usa.gov/federal-agencies/defense-finance-and-accounting-service (last visited May 21, 2020).  In his action filed in Stafford County, Plaintiff sought a court order requiring Defendant DFAS to "garnish the wages, salary[,] or other compensation owed to [Defendant] Hargrave in satisfaction of the judgment."  Dkt. 1, ¶ 1.  On February 7, 2020, DFAS advised the Stafford County Court that it could not process the garnishment, indicating that it was "unable to read the order submitted."  Dkt. 1, ¶ 2, Ex. 1.  On February 11, 2020, the Stafford County Court ordered DFAS to show cause as to why judgment should not be entered against DFAS.  Dkt. 1, ¶ 3.  The Stafford County Court set a hearing for March 9, 2020.  Dkt. 3, 5.

On March 5, 2020, Defendant DFAS removed the matter from the Stafford County Court to this Court arguing that removal was proper pursuant to 28 U.S.C. § 1442.  Dkt. 1.

On March 10, 2020, the United States entered a special appearance and filed its Motion to contest this Court's subject matter jurisdiction.  Dkt. 3, 2.  Pursuant to Local Rule 7(K) and in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the United States advised Plaintiff, who is proceeding *pro se*, of his right to file a response to the United States' Motion to Dismiss.  Dkt. 4.

Consistent with Local Rule 7(F), Plaintiff's response to the United States' was originally due on March 24, 2020.  However, pursuant to this Court's General Order 2020-03, that deadline

---

[3] The garnishment summons aimed to collect $1696.00, reflecting the original judgment against Defendant Hargrave, less fees and amounts previously paid.  Dkt. 1, Ex. 1.

was extended 14 days to April 7, 2020.  Then, General Order 2020-07 extended Plaintiff's deadline another 14 days to April 21, 2020.  No further extensions have been provided.  To date, Plaintiff has not filed a response to the United States' Motion.

This Court dispenses with oral argument as to the Motion to Dismiss because the Court finds that it would not aid in the decisional process.  The matter is fully briefed and ripe for disposition.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action.  Fed. R. Civ. P. 12(b)(1).  It follows that a district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3).  In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject matter jurisdiction is proper.  *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

There are two ways in which a defendant may present at 12(b)(1) motion.  First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based."  *Adams*, 697 F.2d at 1219.  In such a case, all facts as alleged by the plaintiff are assumed to be true.  *Id*.  Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings.  *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996).  Under this method, the trial court's "very power to hear the case" is at issue.  *Mortensen*, 549 F.2d at 891.  The district court is then free to weigh the evidence to determine the existence of jurisdiction.  *Adams*, 697 F.2d at 1219.  "No presumptive truthfulness attaches to the plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Based upon the United States' Motion to Dismiss and accompanying memoranda, it appears that the United States is attacking subject matter jurisdiction under the second method. Dkt. Nos. 2; 3. The Court will assess this motion to dismiss for lack of jurisdiction accordingly.

## III.   DISCUSSION

The United States has removed this case to this Court pursuant to 28 U.S.C. § 1442(a)(1) and has moved this Court to dismiss the garnishment action. Dkt. Nos. 1; 2. 28 U.S.C. § 1450 provides that "[a]ll injunctions, orders, and other proceedings . . . in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Thus, pending before this Court is the garnishment summons issued by the Stafford County Court and the show cause summons issued by the same.

The United States argues that this case should be dismissed for lack of subject matter jurisdiction on the basis of sovereign immunity. Dkt. 3.

The United States, as sovereign, enjoys immunity to suit where it has not waived that immunity. *Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). The United States' consent to be sued is a prerequisite for a court's jurisdiction over a case against the United States. *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). The Supreme Court has established "the traditional principle that the Government's consent to be sued must be construed strictly in favor of the sovereign[.]'" *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992) (quoting *McMahon v. United States*, 342 U.S. 25, 27 (1951) (internal quotations omitted)). Waivers of immunity must not be "enlarge[d] . . . beyond what the language requires[.]" *Ruckelshaus v. Sierra Club*, 463

4

U.S. 680, 685-86 (1983) (quoting *E. Transp. Co. v. United States*, 272 U.S. 675, 686 (1927)). "This immunity extends to garnishment proceedings." *Wiseman v. Osage Indian Agency*, No. 11-cv-1385, 2012 WL 515876, at *2 (E.D. Va. Feb. 15, 2012) (citing *Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990)). If a plaintiff cannot show that a waiver of sovereign immunity exists, his claim must be dismissed. *Welch*, 409 F.3d at 651 (citing *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001)).

The United States argues that sovereign immunity applies in two separate and distinct contexts to the proceedings at hand. Dkt. 3, 2-5. First, the United States maintains that sovereign immunity was not waived due to Plaintiff's failure to adhere to the requirements of 5 U.S.C. § 5520a. *Id*. at 2-4. Second, the United States contends that sovereign immunity prevents Plaintiff from recovering a monetary judgment based on his garnishment claims. *Id*. at 5.

The Court will address both arguments in turn.

  A.  Whether sovereign immunity was waived as to the garnishment action

5 U.S.C. § 5520a sets forth the circumstances under which the United States waives sovereign immunity with respect to actions seeking garnishment of a Federal employee's pay. Specifically, § 5520a(b) provides that "[s]ubject to the provisions of this section . . . pay from an agency to an employee is subject to legal process in the same manner and to the same extent as if the agency were a private person." 5 U.S.C. § 5520a(b).

The United States argues that "Plaintiff has failed to meet the requirements for waiver of sovereign immunity." Dkt. 3, 3. The United States contends that the garnishment proceeding was deficient as to § 5520a(d). *Id*. at 2-3. § 5520a(d) provides in relevant part that:

> Whenever any person, who is designated by law or regulation to accept service of process to which an agency is subject under this section, is effectively served with any such process or with interrogatories, *such person shall respond thereto within*

5

> *thirty days (or within such longer period as may be prescribed by applicable State law) after the date effective service thereof is made . . . .*

5 U.S.C. § 5520a(d) (emphasis added).  In the present case, on February 5, 2020, Defendant DFAS received the garnishment summons.  Dkt. 3, 3.  That summons had a return date of February 10, 2020.  *Id*.  The Stafford County Court entered a show cause summons on February 11, 2020.  *Id.*  The United States now argues that "[t]he failure to provide the United States with the requisite 30 days to respond to the garnishment summons violated the requirements for a waiver of sovereign immunity."  Dkt. 3, 3.

The United States urges that "[f]ailure to abide by the specific terms of the waiver will result in its inapplicability."  Dkt. 3, 2.  The United States cites *United States v. Mitchell*, 445 U.S. 535, 538 (1980), in support of this proposition.  To be sure, "[i]t is elementary that ' . . . the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  *Id.* at 538 (citing *Sherwood*, 312 U.S. at 586 (1941)).

Here, § 5520a(b) explicitly provides that, "*subject to the provisions of this section* . . . employee pay may be subject to legal process[.]"  5 U.S.C. § 5520a(b) (emphasis added).  One such provision is that when a person designated to receive service on behalf of an agency receives such service, that person shall respond within thirty days or within a longer period as offered by State law.  5 U.S.C. § 5520a(d).  The United States interprets § 5520a(d) as declaring that persons who receive service on behalf of an agency must be afforded thirty days to respond.  Dkt. 3, 3 ("The failure to provide the United States with the requisite 30 days to respond to the garnishment summons violated the requirements for a waiver of sovereign immunity contained in 5 U.S.C. § 5520a(d)[.]").  This Court agrees, and holds that because the United States was not afforded thirty days before the Stafford County Court issued a show cause summons carrying with it the power of contempt, sovereign immunity was not waived by the United States for this action.

Additionally, the United States argues that the garnishment summons is deficient to give rise to the waiver of sovereign immunity for failing to comply with § 5520a(j).  Section 5520a(j) empowers the executive to promulgate regulations implementing the provisions of § 5520a.  As provided by the United States, the United States Office of Personnel Management promulgated 5 C.F.R. § 582.203, entitled "Information minimally required to accompany legal process."  Dkt. 3, 4.  Section 582.203(a) establishes that "[s]ufficient identifying information must accompany the legal process in order to enable processing by the agency."  Specifically, § 582.203(a) requires that

> [p]arties seeking garnishment actions . . . should provide as many of the following identifying pieces of information concerning the employee-obligor as possible:  (1) Full name; (2) Date of birth; (3) Employment number or social security number; (4) Component of the agency for which the employee-obligor works; (5) Official duty station or worksite; and (6) Home address or current mailing address.

5 C.F.R. § 582.203(a).  Section 582.203(a) further provides that "[i]f the information submitted is not sufficient to identify the employee-obligor, the legal process shall be returned directly to the court, or other authority, with an explanation of the deficiency."  5 C.F.R. § 582.203(b).

Here, the United States claims that Plaintiff "failed to provide the minimal information necessary to process the garnishment in an efficient manner."  Dkt. 3, 4.  This Court finds that the garnishment summons was in fact deficient in that it only provided minimal information including Defendant Hargrave's address, social security number, and telephone number.  Dkt. 1-1.  The United States complied with § 582.203(b) by notifying the Stafford County Court of its inability to read the summons.  *Id*.  Accordingly, the waiver of sovereign immunity does not exist as to Plaintiff's claims because the United States was not given sufficient information to process the garnishment in an efficient manner.

B.   Whether a monetary judgment is available

The United States also challenges what it perceives to be the threat of a monetary judgment issued against it.  Dkt. 3, 5.  It argues that the February 11, 2020 Show Cause Summons, which

was issued by the Stafford County Court, "commands the United States to appear on March 9, 2020, and show cause why judgment should not be entered against *it* in the amount of $ 1,696.00 for its failure to answer the garnishment summons."  Dkt. 3, 5 (emphasis in original).  The show cause summons, attached as an exhibit to the United States' Notice of Removal, reads:

> You are hereby commanded to summon forthwith [Defendant DFAS] to appear before this Court on [March 9, 2020] to show cause, if any, why [Defendant DFAS] should not, pursuant to Virginia Code § 8.01-519 . . . have judgment in the amount of $1,696.00 or other such amount as may be proved entered against [Defendant DFAS].

Dkt. 1, Ex. 1.  This Court notes that the Show Cause Summons appears to be a form document and from this document, it is unclear as to whether the Stafford County Court implied that it would find Defendant DFAS liable for monetary damages, or, that the garnishment may by default be instituted as initially requested.

As argued by the United States, under the waiver found in § 5520a(b), only an employee's pay is made subject to legal process.  *McGrath v. Williams*, No. 13-cv-00833, 2013 WL 4507613, at *2 (D. Md. Aug. 22, 2013) (citing *First Va. Bank v. Randolph*, 110 F.3d 75, 78 (D.C. Cir. 1997) ("In sum, we hold that § 5520a(b) does not permit [plaintiff] to recover damages from the United States for its failure to garnish the wages of its employees.")).  In *Carter v. Curfman*, a plaintiff filed a garnishment summons on the Social Security Administration in a state court.  No. 14-cv-97, 2014 WL 1648248 at *1 (E.D. Va. Apr. 23, 2014).  That state court later imposed a show cause order on the Social Security Administration, and the case was removed to a United States District Court.  *Id.*  This Court found that the state court lacked jurisdiction to issue a show cause order.  *Id.* at *2.  This was, in part, because the waiver of sovereign immunity permitting a suit for garnishment was limited to the pay of a federal *employee*, and did not extend to suits for damages against a federal officer.  *Id.* at *2-3.

While Defendant DFAS may, under certain circumstances, effectively act as a collection agent for Defendant Hargrave's pay, Plaintiff has no right of action against Defendant DFAS for any money that Defendant Hargrave owes to Plaintiff.  Therefore, because the Show Cause Summons appears to expose the United States to a monetary judgment, which it does not appear the United States has waived sovereign immunity for, this Court vacates the Show Cause Summons.

## IV.   CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the United States' Motion to Dismiss (Dkt. 2) is GRANTED.

It is further ORDERED that the Show Cause Summons issued by the General District Court for Stafford County (Dkt. 1-1, 11) is VACATED.

To appeal this decision, the parties must file, within (60) days of the date of this Order, a written Notice of Appeal with the Clerk of this Court.  A written Notice of Appeal is a short statement stating a desire to appeal this Order and noting the date of the Order that he wants to appeal.  The parties need not explain the grounds for appeal unless directed by the Court.  Failure to file a timely Notice of Appeal waives the parties' right to appeal this decision.

The Clerk is directed to forward copies of this order to counsel of record and to the *pro se* Plaintiff.

The Clerk is directed to change Plaintiff's name in the caption of this case to "Darrell Flournoy."

IT IS SO ORDERED.

Alexandria, Virginia
May 28, 2020

_____ /s/
Rossie D. Alston, Jr.
United States District Judge